

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RALPH MIRANDA, | § | No. 08-23-00270-CV |
| Appellant, | | |
| | § | Appeal from the |
| v. | | |
| | § | 34th District Court |
| VICTOR M. DIAZ, ZENAIDA B. | | |
| DIAZ, and MARINA B. DIAZ, | § | of El Paso County, Texas |
| Appellee. | | |
| | § | (TC#2021-DCV4287) |

## **CONCURRING AND DISSENTING OPINION**

I join the majority in overruling the first issue on appeal, but I dissent from its sustaining of the second issue. Unlike the majority, I would not conclude that no evidence supported the trial court's implied finding that Zenaida Diaz fully paid the balance owed on the 1999 note. In my view, Miranda failed to establish on appeal that the trial court erred in reaching an adverse finding against him on the payment issue.

On the outstanding balance of the note, Miranda gave equivocal testimony, while Zenaida Diaz did not. He testified he bought a "package of notes" from a bankruptcy trustee. The Tenaha property was included among 12 to 14 properties and 30 notes in the deal. Specifically, he described: "For the package that–that–that I purchased I paid 200,000, plus I paid him separate. I mean, I gave up a note worth 54,000." At the time of the deal, he was not aware of the balance owed on the Diazes note. However, he did say, "I think hers was really about ninety at the time

or something. I don't know." He relied on Zenaida listing everything that she had paid over the past 20 to 22 years. Ultimately, he testified, "I think she owed $97,000."

As for evidence of payment, Susan Bustamante, an employee working for Miranda's nephew, Eduardo Miranda, added a stack of receipts totaling $110,938, without accounting for other payments made without receipts. Additionally, Zenaida testified, without objection, that she had paid the lien in full, and she had made several payments not credited by Miranda.

Because we must give great deference to the trial court's credibility decisions and its resolution of evidentiary conflicts when performing our review, I would conclude the evidence was legally and factually sufficient to support the trial court's factual finding in favor of the Diazes on their payment of the outstanding balance of the note. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005).

In sum, I would affirm the trial court's judgment in its entirety. Because the majority concludes otherwise, I concur in part and dissent in part.


GINA M. PALAFOX, Justice


May 22, 2025

Before Rodriguez, S.J., Palafox and Soto, JJ.
Palafox, J., concurring and dissenting in part

2